By the Court.—Sedgwick, J.
The counsel for the defendant, places the defendant’s right to costs upon directions made upon certain appeals, that costs were to abide the event; and he urges that the event referred to was the determination of the action finally, even after the defendant had voluntarily paid the costs under the statute. I do not see that such construction should be given to those directions. The event referred to was the first final judgment to be given, which when made, so far as the proceedings up to that event are concerned, was conclusive of the parties rights. So that, in fact, when the clerk taxed costs, if the question was open as to who should have costs, before the order giving the new trial, the first final judgment of the .court of appeals was to be considered, and had determined that the plaintiff was entitled to the costs of the proceedings up to that time.
Beyond this, however, I am of opinion that the section of the Revised Statutes under which the new trial was granted, provide that the payment of costs by the unsuccessful party shall be a final disposition of the question of costs for former proceedings. The new trials contemplated by the Statute take the place of the new actions of ejectment that before the Statute might have been brought. Although new actions might be brought, they could not result in the unsuccessful party in the first action recovering his costs of that action. The first action was a final adjudication for all purposes, so far as the questions in issue were concerned. . From the proper construction of the Statute, and on general principles, when costs are given to one party, the opposite party has no right to costs for the same proceedings. If the position of the *211 appellant is correct, the Statute provides that in certain contingencies in actions for ejectment both sides may have costs for a part of the proceedings.
The order appealed from should be affirmed, with ten dollars costs, and disbursements to be taxed.
Monell, Ch. J,, concurred.